Desmond, J. (dissenting).
Reversal of this purely discretionary order dismissing an indictment for lack of prosecution is beyond our powers and without precedent in this court. Such dismissals are always considered to be discretionary with the lower courts (see 22 C. J. S., Criminal Law, § 472, subd. b, and, as to similar dismissals of civil causes, see Quick Service Novelty Corp. v. Scharf, 4 N Y 2d 799). In New York State the statute itself makes it so. Section 668 of the Code of Criminal Procedure says: “ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.”
We may assume that the “ Court [of Appeals] may interfere in the rare situation where there has been an abuse of discretion as a matter of law” (Cohen and Karger, Powers of the New York Court of Appeals, Review in Criminal Cases, p. 745). But if such abuses are theoretically possible, this is certainly not one of them. The first indictment against these defendants had been pending for 21 months and the second for 8 months when dismissal was ordered. In June, 1957, 6 months before the dismissal, these defendants had demanded immediate trial and *230 objected to postponement. Again in October, 2 months before dismissal, these defendants had objected to further delay. In November, 1957, in an effort to get immediate trial, they had demanded a severance but this, too, was denied. Of course, in each instance the County Court had some reason or other for the postponement but it is certainly not the job of this court to decide whether they were good reasons. To attempt such a task is to move outside our constitutionally limited jurisdiction to review in criminal cases (N. Y. Const., art. VI, § 7).
The order should be affirmed.